**IT IS ORDERED as set forth below:**



Date:  August 17, 2017

_____

**W. Homer Drake**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| In Re: <br> **Nicole Suzanne Bronner,** <br> Debtor. | Chapter **13** <br><br> Case No. **16-11965-WHD** |
| **Wells Fargo Bank, N.A.,** <br><br> Movant, <br> V. <br><br> **Nicole Suzanne Bronner, Debtor**, and **Adam M. Goodman**, Trustee, <br> Respondents. | Contested Matter |

**ORDER GRANTING RELIEF FROM STAY**

Movant's motion for relief from the automatic stay of 11 U.S.C. § 362(a) came on for hearing on May 25, 2017. Movant asserts that it properly served the Motion and notice of the hearing on the Respondents. No one filed a response or objection to the motion or appeared at the hearing in opposition to the motion. The Court, having considered the motion and all other

matters of record, has determined that relief from the automatic stay should be granted as set forth herein.

It is, therefore, ORDERED as follows:

1. The automatic stay of 11 U.S.C. § 362 terminated to permit Movant and its successors and assigns to assert and exercise all of their rights and remedies with regard to the property commonly known as 120 River Birch Trace, Fayetteville, GA 30215 more particularly described at Deed Book 3755, Page 412, Fayette County records ("the Property"), including, but not limited to, the institution and completion of foreclosure and dispossessory proceedings in accordance with applicable law and the collection of reasonable fees from the Property to the extent permitted by applicable law. The automatic stay is also terminated to the extent it prevents Movant from entering into a loan modification or other loss mitigation.

2. This Order does not determine any issues with regard to the amount or validity of the claim of the Movant, its successors or assigns, or any rights or interests of the Movant, its successors or assigns, the Debtors, or any other entity in the Property.

3. Upon the completion of any foreclosure sale prior to the closing of this case, if the proceeds of the sale exceed the amount to which the Movant is entitled, the Movant shall file a report showing the disposition of such excess in accordance with applicable law and shall pay to the Trustee in the case any amount otherwise due to the Debtors.

4. This Order shall be effective immediately, and the stay under Fed. R. Bankr. P. 4001(a)(3) shall not apply.

5. The Chapter 13 Trustee shall cease funding Movant's Proof of Claim.

**END OF DOCUMENT**

Prepared by:

*/s/ Lucretia L. Scruggs*

Lucretia L. Scruggs
Georgia Bar No. 371008
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346
770-220-2535
**Attorney for Movant**

No Opposition:

/s/   *(with express permission)*

Jonathan S. Adams, Staff Attorney
Georgia Bar No. 979073
Suite 200
260 Peachtree Street
Atlanta, GA 30303
(678) 510-1444
**Attorney for Chapter 13 Trustee**

## **DISTRIBUTION LIST**

NICOLE SUZANNE BRONNER
120 River Birch Trace
Fayetteville, GA 30215

CRAIG Z. BLACK
The Semrad Law Firm, LLC
Sterling Point II, Suite 201
303 Perimeter Center North
Atlanta, GA 30346

ADAM M. GOODMAN
Adam M. Goodman, 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303

Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346